IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA TODD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NCO FINANCIAL SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

**INTRODUCTION**

1. Plaintiff Linda Todd, ("Plaintiff"), brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), against Defendant NCO Financial Systems, Inc. ("Defendant").

2. The Defendant debt collection agency called Plaintiff's cell phone number using automated telephony equipment that dialed the number after it was loaded into its telephony system. Defendant's calls placed to Plaintiff were accompanied with a prerecorded message with an artificial voice. The calls Defendant placed to Plaintiff were made without any prior express consent given by Plaintiff, the called party, thereby violating the TCPA.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 47 U.S.C. § 227 ("TCPA"). *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446 (7th Cir. 2005).

4. Venue and personal jurisdiction over Defendant in this District is proper because:

    a. Plaintiff resides in the District;

    b. Defendant transacts business in the District via the telephone lines;

    c. Defendant's activities complained of occurred within the District; and

    d. Defendant is a registered Collection Agency with the Illinois Department of Financial & Professional Regulation since 1997.

## PARTIES

5. Plaintiff is an individual who resides in the Northern District of Illinois.

6. Defendant NCO Financial Systems, Inc., is incorporated under the laws of the State of Pennsylvania. Service of Process can be made on Defendant in Illinois and its registered agent and its name is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604.

## FACTS

7. Plaintiff has a cellular telephone assigned the telephone number 773-XXX-2394. The middle three digits of Plaintiff's cellular telephone number are redacted herein for privacy considerations.

8. Plaintiff receives and makes calls from the cellular telephone number corresponding to 773-XXX-2394.

9. Plaintiff generally carries the cellular telephone assigned the telephone number 773-XXX-2394 on her person.

10. On information and belief, Defendant obtained the telephone number 773-XXX-2394 from a medical provider who treated her adult daughter, Brittney Todd.

11. As part of a patient intake form, Brittney Todd placed Plaintiff's number 773-XXX-2394 as an emergency contact.

12. Plaintiff did not provide consent to her daughter's original creditor or to Defendant to call the telephone number 773-XXX-2394.

13. The telephone number 773-XXX-2394 was loaded into Defendant's electronic database.

14. After obtaining the telephone number 773-XXX-2394, Defendant intended to call it.

15. Defendant intended to reach a person whose telephone number corresponded with 773-XXX-2394.

16. The telephone number 773-XXX-2394 was called by Defendant using a machine without any person actually pressing each of the 10-digits in the telephone number 773-XXX-2394.

17. Defendant has more than 5,000 predictive dialer stations to support its debt collection activities.

18. Defendant despite settling a nationwide class action involving the use of its predictive dialer, *Bellows v. NCO Fin. Sys.*, 2008 U.S. Dist. LEXIS 103525 (S.D. Cal. Dec. 10, 2008), continues to have its predictive dialer call people like Plaintiff without their express prior consent.

19. On information and belief Defendant's dialing machine is programmed to dial in sequence telephone numbers telephone numbers that have been imputed into a data base; in short the machine dials one number and then moves on to the next number in Defendant's database, not calling the same number over and over.

20. Defendant's machine that dialed the telephone number 773-XXX-2394 is capable of delivering a prerecorded message.

21. Defendant's machine that dialed the telephone number 773-XXX-2394 is capable of delivering a message using an artificial voice.

22. Defendant in calling the telephone number 773-XXX-2394 delivered a prerecorded message that identified the call was NCO and using an artificial voice inserted the name of the collector to whom the phone call was to be returned to, and the telephone number 1-866-265-1913.

23. 1-866-265-1913 is a telephone number used by Defendant in furtherance of its debt collection business.

24. Defendant uses a machine that is an "automatic telephone dialing system" under the Federal Communication Commission's ("FCC") interpretation of the TCPA.

25. Within the past year Defendant placed multiple phone calls to 773-XXX-2394 using a machine that is an "automatic telephone dialing system" under the FCC's interpretation of the TCPA.

26. Defendant could have determined that the telephone number ending in 8483 that it dialed was a cellular telephone number. *See e.g.*, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 Request of ACA International for Clarification and Declaratory Ruling*, GC Docket No. 02-278, p. 9 n. 54

(Jan 4, 2008) ("*See 2003 TCPA Order*, 18 FCC Rcd at 14117, para. 170. *See also* DMA Wireless Number Suppression List at http://preference.the-dma.org/products/wireless.shtml. Neustar also has available a service that provides data on numbers ported from wireline to wireless service on a daily basis. *See* http://www.tcpacompliance.com/.").

27. The Association of Credit and Collection Professionals ("ACA International") has stated that, "[I]t is clear [the FDCPA and TCPA] apply to consumers and non-consumers. Therefore, collectors should take steps to scan their collection lists and ensure debt collectors are contacting the correct consumer."

28. ACA International has also concluded that, "[E]rroneously dialed numbers likely are not exempted from the [TCPA and FCC regulations] pertaining to autodialers and prerecorded messages. Thus, a debt collector may face liability under the TCPA and corresponding FCC regulations for autodialed and prerecorded message calls placed to the wrong individual.").

29. On October 17, 2011, Plaintiff called Defendant and informed Defendant that it was calling the wrong number.

**COUNT I - TCPA VIOLATION**

30. Plaintiff incorporates paragraphs 1-29 above.

31. The Telephone Consumer Protection Act, 47 U.S.C. § 227 provides in pertinent part:

> (b) Restrictions on use of automated telephone equipment.
>   (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–
>     (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using

> any automatic telephone dialing system or an artificial or prerecorded voice–
> * * *
> > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .

32. Defendant's phone calls to Plaintiff using an automatic telephone dialing systems and/or an artificial or prerecorded voice, without Plaintiff's express prior consent violated the TCPA.

33. 47 U.S.C. § 227(b)(3) provides:

> (3) Private right of action
> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
> > (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> > (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> > (C) both such actions.
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

34. Under the TCPA, Plaintiff is the "called party."

35. Under the TCPA, Plaintiff is "[a] person" seeking the private right of action available under 47 U.S.C. § 227(b)(3) and its subsections.

**WHERFORE**, Plaintiff requests this Honorable Court to enter judgment against Defendant and for Plaintiff for:

>> (1) Appropriate statutory damages under the TCPA; and
>> (2) Costs of litigation.

		Respectfully submitted,

		s/ Curtis C. Warner
		     Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)

## NOTICE OF LIEN

Please be advised that the Warner Law Firm, LLC claim a lien upon any recovery herein for 1/3 of that amount or such an amount as the Court awards.

		Respectfully submitted,

		s/ Curtis C. Warner
		     Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)